IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODNEY JAMAAR DIONE SMITH,

    Plaintiff,

v.

DEPUTY J. COOPER, et al.,

    Defendants.

No. C 09-02263 SBA (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; DENYING PLAINTIFF'S MOTION TO COMPEL; AND NOTICE TO PLAINTIFF REGARDING INABILITY TO SERVE DEFENDANT GRIFFIN**

    Before the Court are Defendants' motion for an extension of time to file their dispositive motion and Plaintiff's motion to compel discovery. Also at issue is the fact that service has been ineffective on Defendant Z. Griffin[1]; therefore, the Court directs Plaintiff to provide the Court with a current address for Defendant Griffin, as directed below.

**I.**    **Motion for an Extension of Time to File Dispositive Motion**

    Defendants have requested an extension of time in which to file their dispositive motion. Having read and considered Defendants' request and the accompanying declaration of counsel, and good cause appearing, Defendants' request for an extension of time to file their dispositive motion (docket no. 21) is GRANTED. The parties are directed to abide by the briefing schedule outlined below.

**II.**    **Motion to Compel Discovery**

    On December 9, 2010, Plaintiff filed a motion for an order compelling discovery. According to Plaintiff, obtaining discovery to pursue his claims is "not of an accessible venture in regards to records, or witnesses, and therefore exist as a burden of undue cost in the application of an investigation." (Mot. to Compel at 1.)

    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating

---

[1] Defendant Griffin's name was originally incorrectly spelled as "Griffith" in Plaintiff's complaint and the Court's November 9, 2010 Order of Service. The correct spelling is "Griffin." (Defs.' Mot. for EOT at 2.)

1 discovery is to send demands for documents or interrogatories (questions asking for specific, factual
2 responses) directly to Defendants' counsel. <u>See</u> Fed. R. Civ. P. 33-34. The scope of discovery is
3 limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not
4 be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of
5 admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if
6 "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other
7 source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery
8 has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the
9 burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

10 It is not an effective or appropriate use of the Court's limited resources for it to oversee all
11 aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to
12 resolve the dispute informally with the opposing party. It is only when the parties are unable to
13 resolve the dispute after making a good faith effort to do so should they seek the Court's
14 intervention. <u>See</u> Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is
15 incarcerated, he is not required to meet and confer with Defendants *in person.* Rather, if Plaintiff's
16 discovery requests are denied and he intends to pursue a motion to compel, he need only send a
17 letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after
18 information. The letter should state the specific discovery he seeks, and state the reasons that
19 Plaintiff believes he is entitled to such discovery.

20 Here, Plaintiff did not meet and confer with Defendants, which would have afforded them
21 with a final opportunity to address each request upon which he now asks the Court to rule.
22 Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a
23 motion for summary judgment and accompanying exhibits, with which Defendants shall also serve
24 Plaintiff. For these reasons, Plaintiff's motion to compel (docket no. 16) is DENIED as premature.
25 The parties are directed to abide by the scheduling order to complete discovery outlined below.

26 **III.   <u>Ineffective Service on Defendant Griffin</u>**

27 As mentioned above, service has been ineffective on Defendant Griffin. The Court was
28 originally informed by Sergeant Kelly J. Martinez from the Civil Litigation Unit of the Alameda

County Sheriff's Office that they could accept service for Defendants Cooper and Griffin. "Defendant Cooper has not been employed by the Alameda County Sheriff's Office since March 2008 and Defendant Griffith (Griffin) has not been employed by the Alameda County Sheriff's Office since August 2006." (Nov. 28, 2011 Letter from Sgt. Martinez at 1.) Sgt. Martinez added: "Attempts to contact both defendants at their last known phone numbers met with negative results." (Id.) On March 7, 2011, Defendants' counsel informed the Court that she would accept service on behalf of Defendant Cooper, but not on behalf of Defendant Griffith, stating:

> In a good faith effort to avoid the expense of personal service of the summons, counsel for Defendants has attempted to obtain the consent of former deputies J. Cooper and Z. Griffin to appear on their behalf. Counsel has recently communicated with Defendant J. Cooper and has obtained permission to appear in this action on his behalf. An answer to the complaint will be filed on J. Cooper's behalf in the near future. No response to inquiries to Defendant (former deputy) Griffin has yet been received although efforts to obtain his consent are ongoing.

(Defs.' Mot. for EOT at 2.)

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official). No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Griffin, as directed below.

## **CONCLUSION**

For the reasons outlined above,

1. Defendants' request for an extension of time to file their dispositive motion (docket

3

no. 21) is GRANTED.  The time in which Defendants may file their dispositive motion will be extended up to and including **ninety (90) days** from the date of this Order.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date Defendants' motion is filed.  Defendants shall file a reply brief no later than **thirty (30) days** after the date Plaintiff's opposition is filed.  **No further extensions of time will be granted absent exigent circumstances.**

2. Plaintiff's motion to compel discovery (docket no. 16) is DENIED as premature.  In the interests of justice, the Court sets a discovery cut-off date of **thirty (30) days** from the date Plaintiff is served with Defendants' dispositive motion.  If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents and is not satisfied with the result he may file a renewed discovery motion.  But in no event shall he file such a motion until after he has reviewed Defendants' dispositive motion.

3. No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with a current address for Defendant Griffin.  Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of Defendant Griffin.  **If Plaintiff fails to provide the Court with the current address of Defendant Griffin within the thirty-day deadline, all claims against Defendant Griffin will be dismissed without prejudice under Rule 4(m).**

4. This Order terminates Docket nos. 16 and 21.

IT IS SO ORDERED.

DATED:   3/9/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Smith2263.denyMTC&4(m)OSC&grantEOT.wpd

<b>United States District Court</b><br/>For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMAAR DIONE SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>DEPUTY J COOPER et al,<br><br>        Defendant.<br>_____ / | Case Number: CV09-02263 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney Jamaar-Dione Smith BCD323
Alameda County Jail - Santa Rita
5325 Broder Blvd.
Dublin, CA 94568

Dated: March 10, 2011

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Smith2263.denyMTC&45(m)OSC&grantEOT.wpd