1  J. RANDALL ANDRADA (SBN 70000)
   randrada@andradalaw.com
2  LYNNE G. STOCKER (SBN 130333)
   lstocker@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  180 Grand Avenue, Suite 225
   Oakland, California  94612
5  Tel.:  (510) 287-4160
   Fax:  (510) 287-4161
6
   Attorneys for Defendants
7  G. MORA and J. COOPER

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                        OAKLAND DIVISION
11

12  RODNEY JAMAAR-DIONE SMITH          Case No.: 4:09-cv-2263-SBA

13            Plaintiff,               **NOTICE OF MOTION AND MOTION
                                       FOR SUMMARY JUDGMENT; AND
14       v.                            MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT
15  FORMER DEPUTY J. COOPER, FORMER    THEREOF**
    DEPUTY  Z. L. GRIFFITH, FORMER
16  DEPUTY G. MORA, SANTA RITA COUNTY
    JAIL,                              Judge Saundra Brown Armstrong
17
              Defendants.
18

19       TO PLAINTIFF RODNEY JAMAAR-DIONE SMITH, in *pro se*:

20       PLEASE TAKE NOTICE that Defendants (Former Deputy) J. COOPER and DEPUTY G.

21  MORA move for summary judgment on the grounds that there is no genuine issue of material fact and

22  that defendants are entitled to judgment as a matter of law.

23       This motion is based on this notice, the memorandum of points and authorities, the declaration

24  of Lynne G. Stocker and the exhibits thereto, the Declaration of Sgt. Mark Foster and the exhibit

25  thereto, all pleadings and papers on file in this action and upon such other matters as may properly come

26  before the Court.

27  // /

28  1

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

Dated:        July 13, 2011                              ANDRADA & ASSOCIATES

                                                                /s/ Lynne G. Stocker
                                                         By _____
                                                             LYNNE G. STOCKER
                                                             Attorneys for Defendants
                                                             G. MORA AND J. COOPER

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

2

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I. INTRODUCTION AND SUMMARY OF ALLEGATIONS

4

5

Plaintiff, who is currently incarcerated at Santa Rita Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants used excessive force against him and were deliberately indifferent to his serious medical needs.

6

7

8

9

10

11

12

13

14

15

16

17

18

Plaintiff alleges that while he was serving "9 month on bogus charges," he was subjected to excessive force by Defendants Cooper, Griffith [sic] and Mora in 2005.[1] Specifically, Plaintiff alleges that Defendant Cooper "instigated a conflict in which he [was taken] advantage of . . . ." (Complaint at 3.) Defendant Cooper "ordered [Plaintiff] out of [his] cell 3-4 hours post an argument." (Id.) When Plaintiff "emerged" from his cell, he saw the "majority of the deputy's [sic] on that watch lying in wait in full combat uniform." (Id.) Plaintiff claims that Defendant Cooper "asked [him] to cuff up when [he] obliged [Defendant Cooper] yelled stop resisting and it was mayhem after that all [he] remember[s] is waking up in a cell, then a brief medical escort to the nurse." (Id.) Plaintiff alleges that he was "heckled into another verbal dispute in cuffs still and [Defendants] took the liberty to assault [him] again . . . with weapons and unecessary [sic] violence on the trip to ad-seg with Z. L. Griffith and G. Mora in which [he] was beat unrelentlessly." (Id.) Plaintiff claims he was "charged w/battery before they dropped [the] case." (Id.) Plaintiff also alleges that he was not given medical treatment "after [the ] second assault." (Complaint at 4.)

19

20

21

22

This Court has found cognizable Plaintiff's claims for excessive force and for deliberate indifference to his medical needs as against Defendants J. Cooper, G. Mora and Z.L. Griffith. [Order of Service, Docket 8] Only Defendants J. Cooper and G. Mora have been served with process and have appeared in this action.

23

## II. STATEMENT OF ISSUE TO BE DECIDED

24

25

1. Whether there is a genuine issue of material fact that Plaintiff's action is barred by the applicable statute of limitations.

26

/ /

27

/ /

28

3

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1

## III.   STATEMENT OF FACTS

2      Plaintiff alleges that on August 1, 2004, he was involved in an altercation, and that

3  excessive force was used against him, by deputies J. Cooper and G. Mora at Santa Rita Jail. Plaintiff

4  filed a grievance pertaining to the incident on August 8, 2004. [Plaintiff's Depo: 74:4-75:16  and Ex.

5  1 thereto (Ex. A and B to Stocker Decl.)] Nearly five years later, Plaintiff filed his complaint on May

6  21, 2009 (Complaint, Docket 1) pertaining to these events. [Plaintiff's Depo. 12:20-13:8]

7      At the time of the alleged incident, Plaintiff was incarcerated at Alameda County's Santa

8  Rita Jail. (Complaint at 2) Plaintiff is currently incarcerated at Santa Rita Jail on charges of sexual

9  battery. A trial on those charges is currently set for August 15, 2011. [Plaintiff's Depo. 8:17-9:1]

10

## IV.   STANDARD ON SUMMARY JUDGMENT

11      Summary judgment is properly granted when no genuine and disputed issues of material fact

12  remain, and when, viewing the evidence most favorably to the non-moving party, the movant is

13  clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317,

14  322-23 1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.1987).

15      There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact

16  could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio

17  Corp., 475 U.S. 574, 586 (1986).

18      The moving party bears the burden of showing that there is no material factual dispute.

19  Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or

20  other evidentiary material. Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in

21  favor of the party against whom summary judgment is sought. Matsushita, 475 U.S. at 587.

22      Material facts which would preclude entry of summary judgment are those which, under

23  applicable substantive law, may affect the outcome of the case. The substantive law will identify

24  which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

25

## V.   ARGUMENT

26

### A. PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

27      It is fundamental that the primary purpose of statutes of limitation is to prevent the

28

---

[1]   The alleged incident actually occurred in 2004. [Plaintiff's Depo. 74:4-20; Ex. 1]

{00074400.DOC/}AIMS  0913                                                                          *Smith v. Cooper, et al.*
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT                                         CV 09-2263-SBA

1  assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer

2  fresh and witnesses are no longer available. The right to be free of stale claims in time comes to

3  prevail over the right to prosecute them. [Citations.] The statutes, accordingly, serve a distinct public

4  purpose, preventing the assertion of demands which through the unexcused lapse of time, have been

5  rendered difficult or impossible to defend. <u>Addison v. State of California</u>, 21 Cal.3d 313, 317 (1978).

6     For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for

7  personal injury actions, along with the forum state's law regarding tolling, including equitable tolling,

8  except to the extent any of these laws is inconsistent with federal law. <u>Fink v. Shedler</u>, 192 F.3d 911,

9  914 (9th Cir.1999). At the time Rodney Smith filed his lawsuit, California's statute of limitations for

10 personal injury actions was two years. <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004).

11 [Effective January 1, 2003, the California statute of limitations for assault, battery, and other

12 personal injury claims is two years instead of one. Cal.Civ.Proc.Code § 335.1] Federal law

13 determines when a civil rights claim accrues. <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th

14 Cir. 1994). A claim accrues when the plaintiff knows or has reason to know of the injury which is the

15 basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996). Clearly, the claim accrued no

16 later than the date of the incident or the date that Plaintiff filed his grievance.

17       **B.  TOLLING PROVISIONS DO NOT PREVENT BAR OF STATUTE**

18    Plaintiff knew or had reason to know of the injuries that form the basis of the present action

19 in August, 2004, the time of the subject events. Plaintiff did not file the present action until May,

20 2009. Consequently, the two year statute of limitations bars the present action unless the limitations

21 period may be extended or unless the running of limitations has been tolled sufficiently to permit the

22 present action to go forward. California law provides for the tolling of a statute of limitations for a

23 period of up to two years based on the disability of imprisonment, applicable to plaintiffs

24 "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term

25 less than for life." Cal.Civ.Proc.Code § 352.1. Even assuming that Mr. Smith was incarcerated at the

26 time that the civil rights claim accrued (thus, tolling the statute until July 31, 2006), the two year

27 tolling period is insufficient to prevent summary judgment where the complaint was not filed until

28 May 21, 2009.

5

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1    California law further provides that the statute of limitations is tolled while a prison inmate

2  exhausts administrative remedies, a mandatory prerequisite to filing a federal civil rights action. *See*,

3  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir.2005). However, Mr. Smith's grievance was completed,

4  and his administrative remedies exhausted, on August 10, 2004, nine days after the incident when the

5  grievance was denied at the final level. [Ex. A to Declaration of Sgt. Mark Foster]

## C. THE ENTIRE ACTION SHOULD BE DISMISSED

7    The entire action should be dismissed, even though there exists an unserved Defendant

8  who has not yet appeared in the present action. This Defendant, who would be represented by the

9  same counsel representing moving Defendants, reasonably may be expected to raise the bar of

10  limitations. *Cf*. Columbia Steel Fabricators v. Ahlstrom Recovery, 44 F.3d 800 (9th Cir.), *cert.*

11  *denied*, 516 U.S. 864 (1995) (permitting summary judgment in favor of nonappearing party, where

12  appropriate). Plaintiff has not yet complied with this Court's order to provide the required

13  information necessary to locate Defendant Griffin. [Docket 32] Continuance of the Marshal's efforts

14  to serve belatedly the unserved defendant thus would serve no useful purpose. Parker v. Marcotte,

15  975 F.Supp. 1266, 1272, fn. 4 (C.D. Cal., 1997) *rev'd mem*., 198 F.3d 254 (9th Cir.1999).

## VI. CONCLUSION

17    For the reasons discussed herein, the applicable statute of limitations bars the present action.

18  This fundamental defect cannot be cured by amendment. Therefore, the Court should dismiss the

19  present action with prejudice.

20  Dated:     July 13, 2011                         ANDRADA & ASSOCIATES

22                                        /s/ Lynne G. Stocker
                                       By _____
23                                        LYNNE G. STOCKER
                                        Attorneys for Defendants
                                        G. MORA and J. COOPER

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

6

{00074400.DOC/}AIMS 0913                                          *Smith v. Cooper, et al.*
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT                  CV 09-2263-SBA

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

1

## PROOF OF SERVICE

2

*Smith v. Cooper, et al.*

3

**U.S.D.C., Northern District of California, Case No. 4:09-cv-2263-SBA**

4

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action;

5

that my business address is 180 Grand Avenue, Suite 225, Oakland, California; and that on July 13,

6

2011, I served a true copy of the foregoing document(s) entitled:

7

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; AND**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

8

9

**DECLARATION OF LYNNE G. STOCKER IN SUPPORT OF DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT; and**

10

11

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT**

12

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

13

Rodney Jamaar-Dione Smith                    **Plaintiff In Pro Se**
BCD 323

14

Alameda County Jail – Santa Rita
5325 Broder Boulevard

15

Dublin, CA 94568

16

17

___X___   (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection
and mailing following the ordinary business practices of Andrada & Associates.

18

_____   (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

19

_____   (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

20

_____   (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to
the person(s) indicated above.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing

23

is true and correct.

24

Executed on July 13, 2011, at Oakland, California.

25

/s/ Lilian Roberts

26

LILIAN ROBERTS

27

28

{00074400.DOC/}AIMS  0913                                                     *Smith v. Cooper, et al.*
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          CV 09-2263-SBA