IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMAAR-DIONE SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY J. COOPER, et al.,<br><br>　　　　Defendants. | No. C 09-2263 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY; AND DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT GRIFFIN** |

　　　　Before the Court is Plaintiff's "Motion to Compel Discovery" (docket no. 40), which the Court construes as his second motion to compel. As explained below, Plaintiff's first motion to compel was denied as premature on March 9, 2011. Defendants have filed an opposition to Plaintiff's motion.

　　　　Also before the Court is Defendants' motion for summary judgment, filed on July 13, 2011. Plaintiff filed his opposition on July 26, 2011. Defendants' reply brief is due on August 26, 2011.

　　　　The Court also notes that Defendant Z. L. Griffin has not yet been served in this action. In an Order dated March 9, 2011, the Court informed Plaintiff that service had been ineffective on Defendant Griffin, and directed Plaintiff to provide the Court with the current address for Defendant Griffin within thirty days of the Order. In an Order dated April 20, 2011, the Court granted Plaintiff an additional thirty days to provide the Court with the current address for Defendant Griffin. On May 19, 2011, the Court's Order granting Plaintiff an extension of time was returned to the Court as undeliverable indicating that Plaintiff was "not in custody" at the Santa Rita Jail. On June 6, 2011, Plaintiff filed a letter dated May 24, 2011, informing the Court that he had been returned to Santa Rita Jail, and requesting the Clerk of the Court to "forward all legal documents that may have been returned due to temporary change of address," including "all legal documents pertaining to [his] case." (Pl.'s May 24, 2011 Letter at 1.) On June 16, 2011, the Clerk sent Plaintiff another copy of the Court's April 20, 2011 Order granting Plaintiff an extension of time to provide the Court with the current address for Defendant Griffin. Thirty days have passed since the Clerk resent the Court's

April 20, 2011 Order to Plaintiff, and, to date, he has not provided the Court with the current address of Defendant Griffin.

For the reasons outlined below, the Court DENIES Plaintiff's motion to compel. The Court also DISMISSES all claims against Defendant Griffin without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

## DISCUSSION

### I.  Plaintiff's Motion to Compel Discovery

On March 9, 2011, the Court denied Plaintiff's first motion to compel as premature, stating:

> Plaintiff did not meet and confer with Defendants, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment and accompanying exhibits, with which Defendants shall also serve Plaintiff.

(March 9, 2011 Order at 2.)

In his second motion to compel, Plaintiff claims he "attempted to confer with Defendants['] attorney . . . but [has] not been successful in obtaining relevant discoverable items." (Second Mot. to Compel at 1.) Plaintiff also claims that he "requested . . . initial discovery," which Defendants "denied." (Id.) Thus, the Court construes this claim as Defendants' alleged failure to make an initial disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff also attaches a copy of "Defendants' Response to Plaintiff's Request for Discovery." (Attach. to Second Mot. to Compel.)

Defendants claim that "[a]lthough Plaintiff provides a copy of Defendants' responses to his request for discovery," he "fails to provide Defendants or this Court with any explanation as to the further discovery that he seeks or the responses that he deems insufficient." (Defs.' Opp'n at 1.) They add that Plaintiff did not meet and confer with them regarding any discovery issues. At his deposition, Plaintiff was "advised the proper procedure was to send a letter to Defendants' counsel identifying the discovery issues he wanted to address." (Id.; Stocker Decl., Ex. A.) However, Defendants claims that Plaintiff has not sent such a letter to them.

First, Plaintiff complains that Defendants did not make an initial disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Prisoner cases, such as the instant action, are

1  exempted from the provisions of Rule 16(b) regarding scheduling and planning.  See Fed. R. Civ. P.
2  16(b), 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure: . . . . (iv) an
3  action brought without an attorney by a person in the custody of the United States, a state, or a state
4  subdivision.").  This also has the effect of exempting them from the provision of the local rules
5  regarding case management conferences.  Civ. L.R. 16-2(a).  The Court's initial review order, which
6  authorizes discovery and sets a schedule for dispositive motions, serves as the case management
7  order in a pro se prisoner case.  See Civ. L.R. 16-7.  Thus, Defendants had no obligation to make an
8  initial disclosure.  Accordingly, Plaintiff's motion to compel are DENIED as to his discovery request
9  relating to Defendants making an initial disclosure.

10  Plaintiff has attached an exhibit showing that Defendants have provided responses to his
11  "Request for Production of Documents, Set One."  (Attach. to Second Mot. to Compel.)  Though not
12  entirely clear, Plaintiff appears to argue that the Court should "intervene" and compel further
13  responses from Defendants.  However, the Court finds his motion to compel to be inadequate
14  because he has not explained why any of Defendants' responses were inadequate.  For example, if
15  Defendants refused to respond because an discovery request is unintelligible, Plaintiff must explain
16  why it is not unintelligible to show that Defendants ought to be compelled to further answer it.
17  Accordingly Plaintiff's motion to compel is DENIED as to his discovery request relating to
18  Defendants' giving further responses to his "Request for Production of Documents, Set One."

19  **II.    Defendant Griffin**

20  Defendant Griffin has not been served in this action.  The Court was originally informed by
21  Sergeant Kelly J. Martinez from the Civil Litigation Unit of the Alameda County Sheriff's Office
22  that they could not accept service for Defendants Cooper and Griffin, stating: "Defendant Cooper
23  has not been employed by the Alameda County Sheriff's Office since March 2008 and Defendant
24  Griffith (Griffin) has not been employed by the Alameda County Sheriff's Office since August
25  2006."  (Nov. 28, 2011 Letter from Sgt. Martinez at 1.)  Sgt. Martinez added: "Attempts to contact
26  both defendants at their last known phone numbers met with negative results."  (Id.)  On March 7,
27  2011, Defendants' counsel informed the Court that she would accept service on behalf of Defendant
28  Cooper, but not on behalf of Defendant Griffin; therefore, service has been ineffective on Defendant

3

1  Griffin.

2  As plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court
3  with current addresses for all Defendants so that service can be accomplished. See Walker v.
4  Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir.
5  1990).

6  Pursuant to Rule 4(m), if a complaint is not served within 120 days from the filing of the
7  complaint, it may be dismissed without prejudice for failure of service. When advised of a problem
8  accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent
9  defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If
10 the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff
11 failed to provide sufficient information, the plaintiff must seek to remedy the situation or face
12 dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should
13 not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with
14 sufficient information to serve official or that he requested that official be served).

15 As mentioned above, on June 16, 2011, the Clerk resent to Plaintiff the Court's April 20,
16 2011 Order, in which he was given a thirty-day extension of time to provide the current address of
17 Defendant Griffin. Thirty days have passed, and Plaintiff has failed to provide the Court with the
18 aforementioned required information.

19 Accordingly, all claims against Defendant Griffin are DISMISSED without prejudice under
20 Rule 4(m).

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.   Plaintiff's motion to compel discovery (docket no. 40) is DENIED.

2.   Pursuant to the briefing schedule in the Court's March 9, 2011 Order, Defendants' shall file a reply brief to Plaintiff's opposition to their motion for summary judgment no later than **August 26, 2011**. The motion for summary judgment shall be deemed submitted as of the date the reply brief is due. No further extensions of time will be granted in this case absent exigent circumstances.

4

3.   All claims against Defendant Z. L. Griffin are DISMISSED without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

4.   This Order terminates Docket no. 40.

IT IS SO ORDERED.

DATED: __8/17/11

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODNEY JAMAAR DIONE SMITH,

        Plaintiff,

  v.

DEPUTY J COOPER et al,

        Defendant.

Case Number: CV09-02263 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney Jamaar-Dione Smith BCD323
Alameda County Jail - Santa Rita
5325 Broder Blvd.
Dublin, CA 94568

Dated: August 17, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Smith2263.deny2ndCOMPEL&Dismiss-Griffin.wpd   6