J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
LYNNE G. STOCKER (SBN 130333)
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California  94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendants
G. MORA and J. COOPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RODNEY JAMAAR-DIONE SMITH<br><br>Plaintiff,<br><br>v.<br><br>FORMER DEPUTY J. COOPER, FORMER DEPUTY Z. L. GRIFFITH, FORMER DEPUTY G. MORA, SANTA RITA COUNTY JAIL,<br><br>Defendants. | Case No.: 4:09-cv-2263-SBA<br><br>**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Judge Saundra Brown Armstrong<br>Courtroom 1 |

Defendants G. MORA and J. COOPER submit the following response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment [Docket 38 and 39].

**I.   INTRODUCTION**

Defendants have met their burden of proof in establishing that there is no genuine issue of material fact.  Plaintiff's action is barred by the applicable statute of limitations.  Defendants are entitled to judgment as a matter of law.

Plaintiff alleges that on August 1, 2004, he was involved in an altercation, and that excessive force was used against him, by deputies J. Cooper and G. Mora at Santa Rita Jail. Plaintiff filed a grievance pertaining to the incident on August 8, 2004. Nearly five years later, Plaintiff filed his

1

complaint on May 21, 2009 pertaining to these events. Justice demands that Plaintiff's dilatory conduct not be rewarded and that Defendants be free of stale claims.

At the time Rodney Smith filed his lawsuit, California's statute of limitations for personal injury actions was two years. Even assuming that Mr. Smith was incarcerated at the time that the civil rights claim accrued (thus, tolling the statute until July 31, 2006), the two year tolling period is insufficient to prevent summary judgment where the complaint was not filed until May 21, 2009. Although the statute was briefly tolled while Plaintiff exhausted his administrative remedies, the nine-day tolling period is insufficient to prevent summary judgment.

## II.   PLAINTIFF HAS NOT MET HIS BURDEN OF PROOF

Plaintiff was given notice of his obligations in response to a motion for summary judgment. [Order of Service, Docket 8] However, he failed to heed that notice. Regardless of number, both of Plaintiff's oppositions are insufficient to oppose summary judgment. Evidentiary facts are required to oppose a motion for summary judgment. Conclusory statements are not sufficient. National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997). Plaintiff presents no facts that contradict the facts set forth in Defendants' moving papers.

The purpose of Rule 56 is to enable a party who believes that there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn statement of that fact before the lengthy process of litigation continues. Lujan v. National Wildlife Federation, 497 U.S. 871, 888-889 (1990). Plaintiff does not dispute that the alleged incident occurred in 2004. In fact, he admits that it did. [Opposition 1:8] [Even by the inadmissible statement of Joseph Baca, Plaintiff admits that the incident occurred in 2004.] Plaintiff does not dispute that he completed the grievance procedure for that incident in 2004. He does not dispute that the two year statute of limitations, even as tolled, applies to his claim and mandates its dismissal. He simply demands that his delay be overlooked in the "interest of justice." However, the interest of justice demands that Plaintiff's claims pertaining to actions that allegedly occurred **seven years ago** be dismissed.

Even though the Court has now dismissed, without prejudice, all claims against Defendant Griffin for failure of service [Docket 42], summary judgment in favor of Defendant Griffin is appropriate on the grounds that the action against him is time barred.

### III. CONCLUSION

The applicable statute of limitations bars the present action. This fundamental defect cannot be cured by amendment. Therefore, the Court should dismiss the present action with prejudice.

Dated: August 23, 2011          ANDRADA & ASSOCIATES

By   */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendants
G. MORA and J. COOPER

# PROOF OF SERVICE

<u>*Smith v. Cooper, et al.*</u>
**U.S.D.C., Northern District of California, Case No. 4:09-cv-2263-SBA**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action; that my business address is 180 Grand Avenue, Suite 225, Oakland, California; and that on August 23, 2011, I served a true copy of the foregoing document(s) entitled:

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Rodney Jamaar-Dione Smith          **Plaintiff In Pro Se**
BCD 323
Alameda County Jail – Santa Rita
5325 Broder Boulevard
Dublin, CA 94568

__X__  (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Andrada & Associates.

_____  (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____  (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

_____  (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2011, at Oakland, California.

/s/ Lilian Roberts
_____
LILIAN ROBERTS