IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JAMAAR-DIONE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY J. COOPER, et al.,<br><br>Defendants. | No. C 09-2263 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING A PORTION OF THE COURT'S AUGUST 17, 2011 ORDER; AND TERMINATING PLAINTIFF'S PENDING MOTIONS AS MOOT** |

**INTRODUCTION**

Plaintiff Rodney Jamaar-Dione Smith, a state prisoner currently incarcerated at San Quentin State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations at Santa Rita County Jail (SRCJ), where he was previously incarcerated. Plaintiff alleges that Defendants used excessive force against him and were deliberately indifferent to his serious medical needs. The incidents giving rise to the complaint occurred on July 31, 2004[1] and on the following day, August 1, 2004. (Pl.'s Dep. at 19:24-20:3; 56: 4-5.) Plaintiff seeks monetary damages.

Before the Court is Defendants' motion for summary judgment on the ground that the action is barred by the statute of limitations. Having read and considered the papers submitted, and being fully informed, for the reasons discussed below, the Court GRANTS Defendants' motion for summary judgment.

**BACKGROUND**

**I.  Procedural Background**

On May 21, 2009, Plaintiff filed the instant complaint in this Court. Plaintiff alleges that while incarcerated at SRCJ he was subjected to excessive force by former Alameda County Deputies

---

[1] In the complaint, Plaintiff alleges that while incarcerated at SRCJ he was subjected to excessive force by Defendants on "July 31, 2005." (Compl. at 2.) However, Plaintiff indicated the wrong year because the record shows that the incident of alleged use of excessive force took place on July 31, 2004. (Pl.'s Dep. at 19:24-20:3.)

1  J. Cooper, Z. L. Griffin[2] and G. Mora on July 31, 2004 after he was moved out his cell. (Pl.'s Dep. at
2  26:6-19.) Plaintiff was then transferred to an isolation cell. (<u>Id.</u> at 27:3-6.) According to Plaintiff's
3  deposition, there was another incident involving the use of excessive force on the following day,
4  August 1, 2004, when he was being moved from the isolation cell to administrative segregation (ad-
5  seg). (<u>Id.</u> at 56: 4-5.) Plaintiff claims that he was initially charged with the battery stemming from
6  the aforementioned incidents, and he "served 9 months on bogus charges" because they eventually
7  "dropped [the] case." (Compl. at 3.) As relief, he requests monetary damages for the excessive
8  force and deliberate indifference claims as well as for the "bogus charges and length of [his] stay
9  fighting the case which was dismissed." (<u>Id.</u> at 4.) Plaintiff exhausted his administrative grievances
10 by filing a grievance with prison authorities on August 8, 2004, which was denied on August 11,
11 2004.[3] (Foster Decl. Ex. A at 1-2.)

12 The Court issued an Order of Service on November 9, 2010 and found cognizable claims for
13 excessive use of force and deliberate indifference to serious medical needs. At that time, the Court
14 did not discuss Plaintiff's request for relief relating to the aforementioned "bogus charges."
15 However, it now appears that Plaintiff was then attempting to allege a wrongful prosecution claim
16 for the nine months he was held while the "bogus charges" were pending. The Court, however,
17 need not consider this claim because any allegations against a prosecutor based on a decision to
18 pursue prosecution fails to state a cognizable claim. Prosecutors generally are absolutely immune
19 from liability for their conduct as "advocates." <u>See</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272-73
20 (1993) (A prosecutor performing an advocate's role is an officer of the court entitled to absolute
21 immunity.); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976) (same). Accordingly, the only claims
22 that may proceed in this action are Plaintiff's claims of excessive force and deliberate indifference to
23 serious medical needs.

---

[2] In Plaintiff's complaint, he lists a Defendant " Z. L. Griffith"; however, the record reflects that the correct spelling of that defendant's name is "Z. L. Griffin." (Cooper Answer at 1-2.)

[3] In his complaint, Plaintiff alleges he filed an "Informal appeal" on "8-19-05"; a "First formal level" appeal in "July 31[,] 2005, 4-13-09, 4-09-09"; a "Second formal level" appeal on "4-17-09" and "4-09-09"; and a "Third formal level" appeal on "4-23-09" and "4-18-09." (Compl. at 2.) The only relevant grievance filed was the one Plaintiff referred to as the "excessive force grievance." (<u>Id.</u>) However, again, Plaintiff has indicated the incorrect year for the grievance, which the record shows was filed on August 8, 2004 and denied on August 1, 2004. (Foster Decl. Ex. A at 1-2.)

**United States District Court**
For the Northern District of California

In its November 9, 2010 Order, the Court directed the Clerk of the Court to send Notices of Lawsuit and Requests for Waiver of Service of Summons to Defendants Cooper, Mora and Griffin.

Defendant Mora filed his answer on December 22, 2010, and Defendant Cooper filed his answer on March 16, 2011. However, service was ineffective on Defendant Griffin. Therefore, in an Order dated April 20, 2011, Plaintiff was directed to provide the Court with the requisite information to locate Defendant Griffin within thirty days. (Apr. 20, 2011 Order at 1.) Plaintiff did not respond with the necessary aforementioned information before the thirty-day deadline. Therefore, in an Order dated August 17, 2011, the Court dismissed the claims against Defendant Griffin without prejudice under Federal Rule of Civil Procedure 4(m), which states that if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. (Aug. 17, 2011 Order at 3-5.)

On July 5, 2011 Defendants deposed Plaintiff. On July 13, 2011, Defendants Cooper and Mora filed a motion for summary judgment on the grounds that the present action is barred by the statute of limitations.

On July 26, 2011, Plaintiff filed an opposition in which he reiterated his malicious prosecution claim and moved to compel discovery. Plaintiff opposes Defendants' motion for summary judgment on the grounds that he has not received requested discovery materials and further asserts that his injury extended into 2005 and 2006, and thus is not barred by the statute of limitations. (Opp'n. at 2.) He has filed several discovery requests (docket nos. 15, 16, 25). Plaintiff further alleges that the action extended "to events that occurred as recent as 2005 and extended to 2006, which in itself is another example of a gross injustice that extended from the initial grievances." (Id.) As mentioned above, the Court has not found a cognizable malicious prosecution claim based on these allegations. Therefore, Plaintiff's attempt to raise any malicious prosecution claim in his opposition is without merit.

On November 30, 2011, Defendants Cooper and Mora filed a reply to Plaintiff's opposition.

On January 19, 2012, the Court ordered Defendants to provide a complete copy of the deposition transcripts. (Jan. 23, 2012 Order at 1.) On January 24, 2012, Defendants provided the Court with a complete copy of Plaintiff's deposition.

3

## II.     Factual Background

Plaintiff was first incarcerated at SRCJ in 2001. (Pl.'s Dep. at 17:16.) He claims that he has been incarcerated at SRCJ "[m]aybe five times." (Id. at 17:19-21.)

On the date of the incident at issue, i.e., July 31, 2004, Plaintiff claims that he had been held in SRCJ for a "[f]ew months" prior to that date. (Id. at 24:5-10.) On the morning of July 31, 2004, Plaintiff called Defendant Cooper a "bitch" after he put Plaintiff on "loss of privileges" status for covering his window with cardboard. (Id. at 20:4; Compl. at 2.) Plaintiff alleges that three to four hours later, Defendant Cooper asked Plaintiff to exit his cell. (Id.; Pl.'s Dep. at 21:19-21.) Plaintiff initially refused because he thought he was going to be harassed and instead replied, "No. For what?" (Pl.'s Dep. at 22:1-3; 16-17.) Plaintiff subsequently complied with Defendant Cooper's request, and exited his cell voluntarily while questioning Defendant Copper's instructions. (Id. at 24:15-25; 26:6-7.) Plaintiff alleges Defendant Cooper and other prison guards asked him to spread his hands and legs. (Pl.'s Dep. at 26:10-14.) When Plaintiff obliged, Defendant Cooper and other deputies "said 'stop resisting' and swept [his] legs underneath [him] [a]nd started kicking and punching [him] in [the] face on the ground. (Id. at 26:14-18.) Plaintiff was then taken to an isolation cell. (Id. at 27:3-6.)

The next day, August 1, 2004, while Plaintiff was being transferred from the isolation cell to ad-seg, a verbal dispute escalated into another physical altercation involving Defendants, for which Plaintiff received no medical attention. (Id. at 44:1-56:25.) Specifically, Plaintiff alleges that during his transport from the isolation cell to ad-seg, he was "heckled into another verbal dispute [while] in cuffs still." (Pl.'s Dep. at 43:14-15; Compl. at 3). He claims he broke away from Defendants when they were trying to trip him on concrete. (Pl.'s Dep. at 45:14-21.) In his deposition, Plaintiff stated: "when I broke away, I ran to the grass, 'cause I knew they were intending to trip me [so] I allowed them to trip me [and] they started beating me again, and kicking me and punching me in the face and the back." (Id. at 47:23-25, 48:1-2.) Plaintiff alleges he was assaulted by Defendants Mora and Cooper as well as former Defendant Griffin. (Id. at 51:18-23.) Plaintiff alleges that he was not given medical treatment "after [the] second assault." (Compl. at 4.)

Some time thereafter, Plaintiff was released from SRCJ. (Pl.'s Dep. at 62:3-5.) However, in

4

2005 or 2006 he was arrested on charges of battery stemming from the incidents. (Opp'n at 2.) Plaintiff was held in jail for nine months before the charges were "dismissed" and thus, he was released sometime in 2006 or 2007. (Pl.'s Dep. at 62:6-18; 64:1-8.)

In January 2009, Plaintiff was rearrested on sexual assault charges. (Id. at 64: 6-8.)

As mentioned above, Plaintiff filed this complaint in 2009, at which time he was incarcerated on the unrelated charges. (Id. at 64:1-10, Compl. at 1.)

## **LEGAL STANDARD**

**I.    Motion for Summary Judgment**

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or

1 admissible discovery material, to show that the dispute exists." <u>Bhan v. NME Hosps., Inc.</u>, 929 F.2d
2 1404, 1409 (9th Cir.), <u>cert. denied</u>, 502 U.S. 994 (1991). A complete failure of proof concerning an
3 essential element of the non-moving party's case necessarily renders all other facts immaterial.
4 <u>Celotex</u>, 477 U.S. at 323.

**II.     Statute of Limitations**

The appropriate period for § 1983 is that of the forum state's statute of limitations for personal injury torts. See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985), <u>superseded by statute on other grounds, as stated in</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 377-78 (2004); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999). The relevant statute of limitations in California, for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. See <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004). California Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a).

The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. See <u>id.</u> Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under § 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. Tolling under § 352.1 is triggered by the plaintiff's arrest and incarceration. See <u>Elliott</u>, 25 F.3d at 802-03. But if the statute of limitations starts to run again because the prisoner is released, tolling will not be reinstated by subsequent incarceration. See <u>Boag v. Chief of Police</u>, 669 F.2d 587, 589 (9th Cir. 1982), <u>cert. denied</u>, 459 U.S. 849 (1982); <u>Williams v. Coughlan</u>, 244 F.2d 6, 8 (9th Cir. 1957). The statute of limitations is not tolled for a parolee, however. See <u>Deutch v. Hoffman</u>, 165 Cal. App. 3d 152, 156 (1985).

Federal law determines when a cause of action accrues and when the statute of limitations begins to run in a § 1983 action. <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the

6

basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802. Federal law, not state law, determines when an action "commences" for purposes of the statute of limitations and federal law tells how to compute the time for purposes of determining when an action is commenced where the underlying cause of action is federal. Sain v. City of Bend, 309 F.3d 1134 at 1136-37 (9th Cir. 2002). Thus, an action in federal court containing a federal cause of action such as a § 1983 claim is commenced by filing a complaint with the court. See id. (citing Fed. R. Civ. P. 3).

The applicable statute of limitations period is tolled while the prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

## DISCUSSION

### I.     Analysis of Statute of Limitations

Plaintiff had a maximum of four years to file an action: two years for the personal injury cause of action and two years for the disability of imprisonment. See Maldonado, 370 F.3d at 954, Cal. Civ. Proc. Code § 352.1(a). The incident giving rise to the complaint occurred on July 31, 2004 and August 1, 2004, and these dates are undisputed by both parties. (Opp'n at 1; Mot. for Summ. J. at 4; Reply at 1.) The record shows that Plaintiff was released shortly thereafter and subsequently incarcerated again in 2006 or 2007. Therefore, the disability of imprisonment arguably should have ceased upon Plaintiff's release. See Boag, 669 F.2d at 589 (holding disability of imprisonment ceases upon release on parole); Williams, 244 F.2d at 8 (holding statute of limitations not tolled after prisoner released). However, even if Plaintiff had been incarcerated the entire time, and he had the full four years to file an action -- i.e., the limitations period would, at best, have expired on July 31, 2008. However, he filed the instant complaint almost a year later -- on May 21, 2009. Therefore, the suit is barred by the statute of limitations unless the applicable limitations period is tolled.

Plaintiff is entitled to benefit from tolling of the limitations period while he completes the mandatory exhaustion process. Brown, 422 F.3d at 943. However, the record shows that tolling the statute while Plaintiff completed the grievance procedure in August 2004 would only amount to four days of tolling -- beginning on the date his grievance was filed on August 8, 2004, until the date it was denied on August 11, 2004. (Foster Decl. Ex. A.) Thus, the expiration of the limitations period

would have only moved from July 31, 2008 to four days later -- August 4, 2008.[4] Again, the instant complaint was filed more than nine months later -- on May 21, 2009. Therefore, the four-day tolling period[5] if insufficient to prevent the suit from being barred by the statute of limitations.

Accordingly, the applicable statute of limitations bars the present action against Defendants Cooper and Mora, and this defect cannot be cured by amendment. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment on grounds that the claims against them are barred by the statute of limitations, and this action is DISMISSED WITH PREJUDICE.

## II.     **Analysis of Claim Against Unserved Defendant Griffin**

As explained above, the Court has dismissed Plaintiff's claims against unserved Defendant Griffin without prejudice pursuant to Rule 4(m). However, summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed and (3) Plaintiff has been provided an opportunity to address the controlling issues. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.), cert. denied, 516 U.S. 864 (1995) (citing, inter alia, Silverton v. Department of the Treasury, 644 F.2d 1341, 1345 (9th Cir.), cert. denied, 454 U.S. 895 (1981)). Such is the case here. The Court has found that Plaintiff's claims against Defendants Cooper and Mora are barred by the statute of limitations. The Court finds that Plaintiff cannot prevail on his claims against Defendant Griffin because: (1) the controlling issues relating to the statute of limitations would have been the same as to unserved Defendant Griffin; (2) these issues would have been briefed in the same way by Defendants Cooper's and Mora's attorney, who would have also represented Defendant Griffin; and (3) Plaintiff has been provided an opportunity to

---

[4] The Court further notes that Plaintiff's other grievances listed in his complaint (compl. at 2) -- that were allegedly filed in 2009 -- could not have tolled a limitations period that had already expired in 2008. Cf. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period.).

[5] Defendants argue in their motion for summary judgment that the statute was "briefly tolled while the Plaintiff exhausted his administrative remedies" for a "nine day tolling period." (Mot. for Summ. J. at 2.) Defendants do not explain how they reached a calculation that equated to that "nine day tolling period," and Plaintiff does not submit his own calculation. Therefore, the Court assumes Defendants made a miscalculation of the period of time Plaintiff exhausted his administrative remedies because, as mentioned above, the correct calculation leads to a four day tolling period. However, even if the Court considered the "nine day tolling period" in its calculation, the end result would not change.

address these issues. Accordingly, the Court VACATES the portion of its August 17, 2011 Order dismissing all claims against Defendant Griffin without prejudice. Therefore, Plaintiff's claims of excessive force and deliberate indifference are reinstated against Defendant Griffin. For the same reasons stated above, the applicable statute of limitations bars the aforementioned claims against Defendant Griffin, and this defect cannot be cured by amendment.

Accordingly, Defendant Griffin is entitled to summary judgment as a matter of law.

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court VACATES the portion of its August 17, 2011 Order dismissing all claims against Defendant Griffin without prejudice.

2. Defendants' Motion for Summary Judgment (docket no. 34) is GRANTED, and this action is DISMISSED WITH PREJUDICE. Judgment in favor of Defendants Cooper and Mora, as well as Defendant Griffin, shall be entered.

3. Plaintiff's discovery requests (docket nos. 15, 16, 25) are DENIED as moot.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket nos. 15, 16, 25 and 34.

IT IS SO ORDERED.

DATED: _3/27/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

9

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODNEY JAMAAR DIONE SMITH,

        Plaintiff,

  v.

DEPUTY J COOPER et al,

        Defendant.

Case Number: CV09-02263 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney Jamaar-Dione Smith AK4389
California State Prison - San Quentin
San Quentin, CA 94974

Dated: March 29, 2012

                              Richard W. Wieking, Clerk
                              By: Lisa Clark, Deputy Clerk